a criminal charge is sustained to the extent that a magistrate holds a defendant for the action of a grand jury, or a grand jury indicts, both of which elements occurred in this case, there is a *prima facie* showing of the existence of probable cause and it is incumbent upon the plaintiffs to rebut this showing by alleging facts involving the malicious failure of the defendants to inform the public authorities of the surrounding facts or circumstances, or a malicious distortion of them, to the end that if complete information had been furnished, the charges would not have been entertained. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296; *Graham* v. *Buffalo General Laundries Corp.*, 261 id. 165; *Green* v. *General Cigar Co., Inc.*, 238 App. Div. 638; *Spevack* v. *Bedcro Realty Corporation*, 241 id. 834.) Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

Michael Klein, Respondent, v. Lehigh Valley Railroad Company, Appellant.— Order denying defendant's motion for a bill of particulars reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; the particulars demanded in item 2 of the notice of motion to be given in the event that plaintiff has knowledge. The bill of particulars will be served within ten days from the entry of the order hereon. We are of opinion that the demand is sufficiently clear and that the defendant-appellant is entitled to the relief sought. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

James S. Knecht, Respondent, v. The Wayne County Produce Co., Appellant.— Order in so far as it directs the examination of defendant before trial through its accountant and its president, and in so far as it directs the production of financial statements and tax reports, modified by striking therefrom the words " and copies of all financial statements and tax reports made, issued or authorized by the defendant during the period from 1917 to date." As so modified, the order, in so far as an appeal is taken therefrom, is affirmed, without costs. The examination is to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

Peter N. Knecht, Respondent, v. The Wayne County Produce Co., Appellant.— Order in so far as it directs the examination of defendant before trial through its accountant and its president, and in so far as it directs the production of financial statements and tax reports, modified by striking therefrom the words " and copies of all financial statements and tax reports made, issued or authorized by the defendant during the period from 1917 to date." As so modified, the order, in so far as an appeal is taken therefrom, is affirmed, without costs. The examination is to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

Inga Larsen, Appellant, v. Claus Muller, Respondent.— Action to recover damages for personal injuries. Judgment for fifty dollars in favor of the plaintiff, and order denying motion to set aside the verdict, reversed on the facts, and a new trial granted, costs to abide the event, unless within ten days from the entry of the order hereon defendant stipulate to increase to $500 the amount of the verdict rendered in plaintiff's favor; in which event the judgment as so increased, and the order, are unanimously affirmed, without costs. The court having found on the issue of liability in favor of the plaintiff, the award of damages was wholly inadequate under the undisputed testimony. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.